## STATE v. MERRITT ADKINS.

(Filed 21 December, 1927.)

**Jury—Verdict—Influence—Motion to Set Aside Verdict — Courts — Motions—Discretion of Court—Appeal and Error—Review.**

Communications made to the jury by the officer in charge of them during their deliberation of the verdict in a criminal action, that defendant's relatives had endeavored to obtain lodging in the same boarding house with them, will not be sufficient to set aside a verdict against him when the trial judge, in his investigation, finds upon the evidence on defendant's motion, that the defendant had not been prejudiced, and refuses to set aside the verdict as a matter in his discretion.

CRIMINAL ACTION, before *Parker, J.,* at March Term, 1927, of YANCEY.

The defendant was indicted for murder, but upon calling the case the solicitor announced that the State would not ask for a verdict of guilty in the first degree, but would ask for a conviction of murder in the second degree. The jury found the defendant guilty of manslaughter, and from the judgment imposing imprisonment in the State's prison for a term of not less than five nor more than seven years the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Charles Hutchins, and Watson, Hudgins, Watson & Fouts for defendant.*

BROGDEN, J. The record discloses that the only exceptions relied upon by the defendant related to the misconduct of the officer in charge of the jury, in communicating to the jury, while engaged in its deliberations, the fact that the defendant and his wife and daughter had applied for lodging to the boarding house or hotel at which the jury was quartered. After the verdict was rendered the trial judge very promptly and very properly cited the officer for contempt of court. The defendant lodged a motion to set aside the verdict because of the misconduct of the officer. The court examined the jurors, touching the incident, in order to ascertain if their verdict had been influenced by the communication. The record shows the following entry: "After a consideration of the foregoing testimony the court finds as a fact that the defendant's rights were not prejudiced by the conduct of the officer and report to jury and the conduct of the jury." Thereupon the court declined to set aside the verdict.

While the trial judge would have been fully justified in setting aside the verdict, this Court cannot do so for the reason that it is found as a fact that the rights of the defendant were not prejudiced by the alleged misconduct. "The finding of such fact by the presiding judge, who is far better acquainted with the surroundings than we can possibly be, is conclusive, and we cannot look into the affidavits, whether one or more, to reverse such finding." *S. v. Crane,* 110 N. C., 530. Undoubtedly the discretion committed to the trial judge is a sound, legal discretion and not to be exercised arbitrarily or capriciously. However, there was sufficient evidence to sustain the finding that the verdict had not been influenced or tainted by the misconduct of the officer. Therefore, the judgment of the court must stand.

No error.