## STATE v. PAUL TART.

### (Filed 12 November, 1930.)

1. **Criminal Law L e—Finding by trial court that defendant was not prejudiced by fact that juror was related to prosecutrix is not binding on appeal.**

   Where a defendant has been convicted of having carnal knowledge of a girl under sixteen years of age, and it appears from the judge's finding of fact upon defendant's motion to set the verdict aside, that a juror serving on the case was within the 9th degree of relationship to the prosecuting witness, but failed to set aside the verdict on his finding that the juror was not prejudiced, the latter finding is regarded as a conclusion of law rather than one of fact, and is not binding on the Supreme Court upon appeal.

2. **Criminal Law J b—Where juror is related to prosecutrix within 9th degree and defendant has been misled by him, the verdict should be set aside.**

   Where the trial judge refuses to set aside a verdict for relationship of a juror with the prosecuting witness in a criminal case upon his finding that the trial had been fair, and on the defendant's appeal there is no finding as to whether the defendant's counsel was misled by the juror's failure, upon questioning, to disclose this fact, the case will be remanded to the end that the court find whether the defendant's counsel was misled, and upon an affirmative finding the verdict should be set aside.

STACY, C. J., dissents.

CRIMINAL ACTION, before *Lyon, Emergency Judge,* at March Term, 1930, of HARNETT.

The defendant was indicted for carnal knowledge of a girl under sixteen years of age.

The prosecuting witness testified that the defendant had intercourse with her the first time he came to see her and within a few minutes after he arrived. Six witnesses testified that the character of the prosecuting witness was good. Four young men testified that they had had intercourse with her, and four others testified that they had seen others do so, and eleven witnesses testified that her character was bad.

The jury returned a verdict of guilty, and upon the verdict the defendant was sentenced to serve not less than three nor more than five years in the penitentiary.

The record shows the following entry: "During said term it was discovered by the defendant that one of the jurors was related to the prosecuting witness within the degree prohibited, and defendant made motion to set the verdict aside on this ground, which motion was continued to be heard 31 March, 1930, at which time, upon investigation, the court found as follows: 1. That one of the jurors, to wit, W. H. Patterson,

who was sworn and empaneled to try the above case, was related to the prosecutrix within the seventh degree. 2. That the following question was asked the jury by the defense counsel: "If there is any member of the jury related to the prosecutrix by blood or marriage, please let that fact be known and excuse himself"—to which juror Patterson made no reply. 3. That the said W. H. Patterson says he did not recognize the relationship at the time he was chosen as juror, and that is why he did not disclose this fact, but admits he discovered the same before any evidence was introduced. 4. That the said W. H. Patterson, after discovering the relationship, and before the evidence was introduced, wanted to disclose this fact to the court, but upon advice not to do so, he continued to serve upon the jury, knowing his relationship to the prosecutrix. 5. The court further finds that the defendant was not prejudiced by said juror serving."

From judgment rendered the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Young & Young for defendant.*

BROGDEN, J. The sole question presented by the record is whether the judge should have set aside the verdict by reason of the fact that one of the jurors was related to the prosecuting witness within the seventh degree?

It has been generally held that "the finding of fact by the presiding judge, who is far better acquainted with the surroundings than we can possibly be, is conclusive, and we cannot look into the affidavits, whether one or more, to reverse such finding." *S. v. Crane,* 110 N. C., 530; *Radford v. Young,* 194 N. C., 747; *S. v. Adkins,* 194 N. C., 749.

Notwithstanding, it is also true that the law has always regarded relationship by blood or marriage within the ninth degree as a disqualification for jury service. *S. v. Potts,* 100 N. C., 457, 6 S. E., 657; McIntosh on North Carolina Practice and Procedure, sec. 655(6).

Indeed, the prevailing idea of law for more than a century has been that a person accused of crime is entitled to a trial by a fair and impartial jury. It is known of all men and has been known from time primeval that the call of blood is always powerful and potent, and ordinarily and usually irresistible. The urge to yield to such call in time of attack is not a mark of frailty but a badge of strength. Wherefore, the law, not only as a science of reason, but in the exercise of sound common sense, has invariably recognized blood relationship as the universal producer and creator of bias and favor in the trial of causes. In the case at bar, the trial judge finds that the bias of blood against

the defendant existed in one of the jurors, but it is suggested that the juror was related to the prosecuting witness and that a prosecuting witness is not a "party" in a technical sense, in a criminal action. Hence, it is reasoned from such premise that the juror was competent. The fallacy of such reasoning lies in the fact that the defendant was the one on trial and the law guaranteed to him an impartial jury. Therefore, he was the party against whom the bias might silently and secretly work. In *S. v. Brady,* 107 N. C., 822, it was held that a prosecuting witness was not "a party" to a criminal action. Technically this is true, but the question at issue in the *Brady case* was not even similar to the question now under consideration. Furthermore, the judge found that the juror knew of the relationship and was desirous of disclosing the fact to the court before evidence was introduced and was advised not to do so. It does not appear who gave such advice, but it is certain that the matter was discussed. The judge also found that the attorney for the defendant requested information in passing upon the jury as to whether any juror was related to the prosecuting witness, and that the juror Patterson made no reply or disclosure. Thus, the attorney, through no fault of his own, was lulled into a sense of security. A somewhat similar situation arose in the case of *Hinton v. Hinton,* 196 N. C., 341, where counsel was misled by the statements of the juror. The Court found as a fact that counsel was so misled and set the verdict aside. The ruling was approved by this Court. So, in the case at bar the defendant is entitled, under the facts disclosed, to have the court find as a fact whether the defendant or his counsel was misled and whether he would have challenged the juror had the real facts been disclosed. It is true that the trial judge found that the defendant was not prejudiced "by said juror serving," but such finding in the light of the facts is rather a conclusion of law than a finding of fact. The prosecuting witness, the kinswoman of the juror, was subjected to bitter and relentless attack and much evidence offered to sustain the attack so made. Thus the stage was perfectly set to arouse in the juror the elemental passion, common to our human nature. Whether he actually yielded thereto is not the point. The point is, that the potential bias, which the law condemns was present and the defendant, through no fault of his own, was prevented from discovering its existence.

The cause is remanded to the Superior Court for a finding as to whether the defendant or his counsel was misled, and if the judge shall find that the defendant or his counsel was misled, the judgment should be set aside; otherwise to remain in full force and effect.

Remanded.

STACY, C. J., dissents.