THE STATE OF NORTH CAROLINA v. ISAAC JAMES HARRIS

No. 96

(Filed 10 June 1971)

1. Criminal Law § 161— necessity for assignment of error

Ordinarily, when there is no assignment of error, the judgment of the trial court must be sustained unless error appears upon the face of the record.

2. Criminal Law § 66— lineup — right to counsel — in-court identification — voir dire hearing

An accused is constitutionally guaranteed counsel at an in-custody lineup identification, and when counsel is not present at the lineup, testimony of witnesses that they identified the accused at the lineup is rendered inadmissible, and any in-court identification is also rendered inadmissible unless the trial judge first determines on a *voir dire* hearing that the in-court identification is of independent origin and is untainted by the illegal lineup.

3. Criminal Law § 66— lineup — waiver of counsel — State's burden of proof

   An accused may waive the right to counsel at lineup proceedings, the burden being on the State to show by clear and convincing evidence that such waiver was made freely, voluntarily and with full understanding.

4. Criminal Law § 66— lineup — waiver of counsel — findings by trial judge

   The appellate courts are bound by the trial judge's findings of fact as to whether waiver of counsel was intelligently, knowingly and voluntarily made when the findings are based on competent evidence.

5. Criminal Law § 66— lineup — waiver of counsel — in-court identification — independent origin

   In this armed robbery prosecution, the State offered clear and convincing evidence on *voir dire* which supports the trial court's findings and conclusions that defendant intelligently, understandingly and voluntarily waived his right to counsel at a pretrial lineup, and that the witnesses' in-court identifications of defendant were not based on the pretrial lineup but were based on their observations of him during the robbery.

APPEAL by defendant from *May, S.J.,* 28 September 1970 Schedule "C" Criminal Session of MECKLENBURG.

Defendant was charged in a bill of indictment with armed robbery.

The State offered testimony of Mrs. Mary McMillan, the store manager of Little General Minute Market, Charlotte, N. C., and Gail Porter, her younger sister, both of whom testified, in substance, that at about 8:00 o'clock a.m. on 8 July 1970, defendant and Ronald Cornelius came into the store. Mrs. McMillan opened the cash register under threat of a gun held by Cornelius, and defendant came behind the counter and began to place the money in a bag. The bottom of the bag gave way and at about that time a man came into the store. Cornelius held the man at gunpoint while defendant recovered approximately $53.00 from the floor. Defendant and Cornelius fled. Both Mrs. McMillan and Miss Porter identified defendant at a lineup and in court.

Police Officer J. C. Wilkins testified as to the lineup procedure supervised by him.

Defendant testified that he did not rob the "Little General Store," and that at the time of the alleged armed robbery he was

at the home of Robert Cunningham. He offered other witnesses to corroborate his testimony.

The jury returned a verdict of guilty of armed robbery, and defendant appealed from judgment imposed.

The case is before this Court pursuant to our general referral order effective 1 August 1970.

*Attorney General Morgan and Deputy Attorney General Moody for the State.*

*Michael S. Shulimson for defendant.*

BRANCH, Justice.

Defendant, in lieu of assignment of error in regular form, states that he "is unable to find reversible error in the trial proceedings" and requests this Court, in the exercise of its supervisory power, to examine the record and determine if error does exist.

[1]　Ordinarily, when there is no assignment of error, the judgment of the trial court must be sustained unless error appears upon the face of the record. *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781; *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447.

Defendant excepted to the trial judge's findings of fact and conclusions of law on the question of defendant's identification by the State's witnesses, and pointed to this exception as the only exception worthy of comment by this Court. We choose, in the exercise of our supervisory discretion, to consider whether the in-court identifications were properly admitted into evidence.

[2-4]　An accused person is constitutionally guaranteed counsel at an in-custody lineup identification, and when counsel is not present at the lineup, testimony of the witnesses that they identified the accused at the lineup is rendered inadmissible, and any in-court identification is also rendered inadmissible unless the trial judge first determines on a *voir dire* hearing that the in-court identification is of independent origin and is untainted by the illegal lineup. *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345; *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951. However, it is well settled that an accused may waive the right to counsel at lineup proceedings. *United States v. Wade,*

*supra; State v. McRae,* 276 N.C. 308, 172 S.E. 2d 37. The burden is on the State to show by clear and convincing evidence that the constitutional right to counsel was waived freely, voluntarily, and with full understanding. *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353; *Carnley v. Cochran,* 369 U.S. 506, 8 L. Ed. 2d 70, 82 S.Ct. 884. The appellate courts are bound by the trial judge's findings of fact as to whether waiver of counsel was intelligently, knowingly and voluntarily made when the findings are based on competent evidence. *State v. Wright,* 274 N.C. 84, 161 S.E. 2d 581.

In instant case upon defendant's objection and motion to strike, the trial judge excused the jury and conducted an extensive *voir dire* hearing. On the *voir dire* Mrs. McMillan stated that she observed defendant for a period of ten minutes on the occasion of the robbery and that he was standing beside her during a portion of that time. She later identified him without hesitation in a lineup, and she testified that her in-court identification was not based on her prior lineup identification.

Gail Porter also testified, on *voir dire,* that she observed defendant for about ten minutes at the time of the robbery, and she identified defendant as one of the robbers. She stated that her identification was based on her observation of defendant at the time of the robbery, and that her in-court identification was not influenced by viewing defendant in the lineup.

On *voir dire* Police Officer J. C. Wilkins testified that on 17 July 1970 he supervised the lineups at which defendant was identified by the witnesses McMillan and Porter. He stated that on 16 July he advised defendant of his constitutional rights as prescribed by *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, and on 17 July defendant signed a waiver, for the purpose of being placed in a lineup, which waiver read as follows:

"Waiver of right to presence of lawyer as my lawyer for pre-trial identification including presence of lawyer as my lawyer free of cost to me if I am indigent. Date: 17 July; Place: County Jail; Time: 08:48. I, Isaac James Harris, am 18 years of age and my address is 2618 Booker Ave., Apt. 2. I have been advised by J. C. Wilkins, who has identified himself as City Police Officer, who has advised me:

State v. Harris

"That I will be shortly displayed in a lineup or by a similar identification process to one or more persons who are witnesses to the crime of armed robbery for which I am a suspect. I have been advised that I have the right to have a lawyer representing me present during the identification process and that if I cannot afford a lawyer, one will be furnished for me free before the identification process commences, if I so request.

"However, understanding that I have the right to have my own lawyer present and understanding that if I cannot afford a lawyer, one will be furnished for me free of cost to me before the identification process begins. I hereby waive and agree to proceed without having my lawyer present and without demanding a lawyer to be furnished free of cost to me knowing that I have the right to the same and knowing that any identification made of me by one or more witnesses can be repeated and used against me in court.

"I declare that my waiver of the right to have my lawyer present and the right to have a lawyer afforded to me free of cost to me is done of my own free will without anyone having promised me anything or offered out to me any hope of reward. I sign this waiver without any fear of physical harm, without anyone having offered to do me any favor and without anyone having offered leniency.

"I further state that I am able to read and write the English language and have completed 9th years of school. This waiver was signed at 08:48 M on the 17th day of July, 1970.

"Signature of person signing waiver: (s) Isaac J. Harris.

"Witnesses: D. M. Travis & J. C. Wilkins."

Officer Wilkins further testified that four persons took part in the lineup and that all four subjects were Negroes and were dressed in the same manner, each wearing a chain around his neck bearing a number. Defendant chose to wear the number "one."

Defendant testified on *voir dire* and stated that Officer Wilkins had told him that he was entitled to an attorney when he was put in the lineup, and admitted that he had signed the waiver

form, and that he could read and write. However, he denied that he understood that he was being exhibited for the purpose of identification.

[5]   At the conclusion of the *voir dire*, Judge May made extensive findings of fact consistent with the State's *voir dire* evidence. He then, *inter alia*, concluded that the State had offered clear and convincing evidence that:

> ". . . before the defendant was placed in the lineup he was warned . . . that he might have a lawyer present for the purpose of advising him before the lineup took place and that the defendant intelligently, understandingly and voluntarily waived the right to counsel prior to the lineup and at the time of the lineup and that he freely, voluntarily, intelligently and understandingly agreed to stand in the identification lineup with full knowledge that he would be viewed as a possible suspect of the armed robbery case.

> "3. That the identification of the defendant made by the witnesses Mary McMillan and Gail Porter were based upon observation of the defendant, Isaac James Harris, in the store referred to as the Little General Minute Market at the time the robbery took place on 8 July 1970 and that the in-court identification of the defendant by the said Mary McMillan and Gail Porter did not result from an illegal out-of-court confrontation and that the lineup had nothing whatever to do with the in-court identification of the defendant by Mary McMillan and Gail Porter, and the said in-court identification of the defendant by said witnesses was not tainted by the identification by said witnesses."

The jury returned to the courtroom and both the witnesses McMillan and Porter again identified defendant as one of the robbers.

There was ample evidence to support the judge's findings of fact, and the findings of fact in turn support the conclusions of law.

The trial judge properly admitted into evidence the identification testimony.

We have carefully examined the entire record of this case, and in the trial we find

No error.