STATE OF NORTH CAROLINA v. JAMES C. ROBERTS

No. 7314SC133

(Filed 13 June 1973)

1. **Constitutional Law § 30— speedy trial — motion to dismiss — failure to hold evidentiary hearing — remand for hearing**
Where the record shows a delay of 13 months between indictment and trial, the trial court erred in the dismissal of defendant's written motion to dismiss the indictment for failure to grant a speedy trial without holding an evidentiary hearing and making findings of fact as to whether the State caused the delay and, if so, whether the delay was justified, whether defendant's conduct caused the delay, and whether defendant was prejudiced by the delay; however, since such error did not infect the guilt finding process of the trial, a new trial will not be granted but the case will be remanded for an evidentiary hearing on the motion to dismiss the indictment.

2. **Witnesses § 1— competency of child — failure to hear testimony of others**
The trial court did not abuse its discretion in permitting an eight-year-old assault and kidnapping victim to testify without hearing testimony of others as to the child's competency, since an accurate determination of the child's moral and religious sensitivity can be made by the trial judge through his personal observation while the child is being questioned.

3. **Kidnapping § 1— dragging child 75 to 100 feet — asportation**
The State's evidence was sufficient for the jury in a kidnapping prosecution where it tended to show that defendant, an adult, grabbed the eight-year-old victim in a nursery playground and dragged her 75 to 100 feet to the foot of the steps of the nursery building.

APPEAL by defendant from *Bailey, Judge,* at the 18 September 1972 Session of Superior Court held in DURHAM County.

Defendant was charged in a bill of indictment with (1) assault on a minor child under the age of 12 with intent to rape, and (2) kidnapping.

The indictment was returned on 17 August 1971, at which time defendant was already in police custody. On 25 August 1972, defendant moved that his case be dismissed with prejudice for failure of the State to grant defendant a speedy trial. This case came to trial on 21 September 1972, approximately thirteen months after return of the bill of indictment. At that time, and before defendant's plea, the following discourse occurred between defendant's counsel and Judge Bailey in the absence of the jury:

> "Mr. LOFLIN: The first motion I would like to make, it has been filed with the court, is a motion to dismiss for lack of a speedy trial in this case.
>
> COURT: Motion denied.
>
> Mr. LOFLIN: Without being disrespectful to the court, I would like some findings of fact.
>
> COURT: You filed a motion, it has never been heard until right now, and you are getting a speedy trial. You are going to get it in ten minutes.
>
> Mr. LOFLIN: The motion is to dismiss for lack of a speedy trial.
>
> COURT: I have denied it and that is the end of that."

Defendant's motion for a preliminary hearing was also denied.

The State's evidence tended to show the following: That on 18 July 1971 Kathy Sue Cates was seven years old and lived on Hyde Park Street in Durham, N. C.; that 18 July 1971 was a Sunday, and that Kathy Cates was at home with her family; that Sunday afternoon Kathy and two friends went to a nursery two doors away from her home on Hyde Park and played there on the playground equipment; that while they were playing there defendant approached them and they ran from him; that when they could no longer see defendant, they continued to play on the playground equipment; that defendant appeared again and began to chase the children; that defendant grabbed Kathy by the arm and pulled her towards the building in which the nursery was operated; that he pulled her 75 to 100 feet to the foot of the steps that go into the nursery building; that during this time she was struggling, resisting, and screaming "let go," and he said "Shut up and come on"; that Walter Cates,

Kathy's father, had been in his backyard cutting watermelon; that he heard children screaming and immediately ran down toward the nursery; that the father was met by the other two children who were screaming and hysterical; that he could not make sense out of what they said and did not see his daughter; that he went to the nursery and saw defendant pulling his daughter toward the nursery door; that the father still had the butcher knife with which he was cutting watermelon in his hand; that he rushed up and grabbed defendant, put the knife against his throat, and said "What are you doing to my daughter?"; that Kathy got loose from defendant; that the locks on the door near the point where Kathy and defendant were stopped had been forcibly removed and that the door to the nursery building could be opened simply by turning the knob.

Defendant offered no evidence.

Defendant's motion for judgment of nonsuit on the charge of assault with intent to commit rape was allowed. A verdict of guilty on the charge of kidnapping and assault on a female under 12 years of age was returned by the jury. Defendant was sentenced to 60 years for kidnapping and 6 months for assault. From the verdict and judgment, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Jones, for the State.*

*Loflin, Anderson, Loflin & Goldsmith, by Thomas F. Loflin, III, for defendant.*

BROCK, Judge.

Defendant's motion for a preliminary hearing was properly denied.

[1]   Defendant excepts to the court's denial of his motion to dismiss the indictment for lack of a speedy trial. Before entering a plea on the bill of indictment, defendant moved to dismiss the indictment on the grounds that defendant was not afforded a speedy trial in derogation of his Sixth Amendment rights under the United States Constitution. Prior to the case being placed on the calendar, defendant had made this motion in written form and filed it with the court. The court denied the motion without affording defendant an opportunity to make an evidentiary showing. Defendant's counsel then specifically requested

the court to make findings of fact. The court refused to make any findings of fact in regard to the motion.

Whether defendant has been denied the right to a speedy trial is a matter to be determined by the trial judge in light of the circumstances of each case. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779. A claim that a defendant has been denied his right to a speedy trial is subject to a balancing test, in which the conduct of both the prosecutor and defendant are weighed. Some of the factors which should be assessed in determining whether a particular defendant has been deprived of his right to a speedy trial are (1) length of the delay, (2) the reason for the delay, (3) the defendant's assertion or nonassertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972).

From the record before us, it is impossible to tell whether the State caused the delay of a year in getting defendant's case to trial; and, if so, whether such delay was justified. It is likewise impossible to tell whether the delay was caused by defendant's conduct. Also, it is impossible to determine whether prejudice has resulted to defendant from the delay.

We do not propose that the trial judge must hold an evidentiary hearing each time a defendant contends that he has been denied a speedy trial. Nor are we suggesting that defendant was denied a speedy trial in this case. However, where the record shows a substantial delay and does not show the cause therefor, the trial judge should hold a sufficient hearing to allow him to determine the facts and balance the equities in accordance with *Barker v. Wingo, supra.*

[2] Defendant assigns as error that the trial judge permitted Kathy Sue Cates, the eight-year-old victim of the alleged assault and kidnapping, to testify. Defendant argues that the court should have heard testimony of others with relation to the child's competency. There are, no doubt, situations in which the testimony of parents, teachers, and others might prove helpful to the trial judge in making his determination. However, the competency of a child to testify as a witness in a case is a matter resting in the sound discretion of the trial judge. *State v. Bowden,* 272 N.C. 481, 158 S.E. 2d 493. An accurate determination of the moral and religious sensitivity of the child can be made by the trial judge through his personal observation while the child is being questioned. Absent a showing of abuse of dis-

cretion, the ruling of the trial judge will not ordinarily be disturbed. This assignment of error is overruled.

[3] Defendant assigns as error that the trial judge denied his motion for nonsuit on the kidnapping charge. Defendant relies heavily upon *State v. Dix,* 282 N.C. 490, 193 S.E. 2d 897. In *Dix* the "asportation" of the jailer from one section of the jail to another was only incidental to defendant's purpose of aiding the escape of prisoners. As pointed out in the opinion in *Dix:* "It had no other significance and created no risks to Crowder which were not inherent in the escape defendant engineered."

In the case before us now the child was being dragged by an adult from the playground to a building. The inference is strong that if defendant had not been stopped by the child's father, defendant would have dragged the child into the building and out of the sight and sound of her friends and family. The mere fact that defendant was frustrated by an alert and outraged father does not change the nature of the offense he was committing. It surely cannot reasonably be said that the dragging of the child from the playground was an incident of some lesser crime. The decision in *Dix* must be read in the light of the facts of that case.

We have carefully considered defendant's remaining assignments of error and find them to be without merit.

We find the trial to be free from prejudicial error.

[1] Although we feel that the trial judge committed error in failing to hear evidence and find facts upon defendant's motion to dismiss the indictment for failure to grant a speedy trial, this error did not infect the guilt finding process of the trial. Therefore, we do not order a new trial but remand the case to the Superior Court with directions as follows:

The presiding judge at the 9 July 1973 Session of Superior Court to be held in Durham County shall cause the defendant and his counsel to be brought before him at that Session or as soon thereafter as possible, and shall permit defendant and the State to offer evidence upon the question of the delay between defendant's indictment and trial. If the presiding judge determines that defendant's constitutional right to a speedy trial has been denied, he shall find the facts and enter an order vacating judgment, setting aside the verdict, and dismissing the indictment. If the presiding judge determines that defendant's con-

stitutional right to a speedy trial has not been denied, he shall find the facts and enter an order denying the defendant's motion to dismiss, and order commitment to issue in accordance with the judgment entered at the 18 September 1972 Session of Superior Court held in Durham County. *See State v. Tart,* 199 N. C. 699, 155 S.E. 609.

No error in the trial.

Remanded with instructions.

Judges MORRIS and PARKER concur.