STATE OF NORTH CAROLINA v. TALMADGE WALTON INGRAM

No. 7325SC756

(Filed 28 November 1973)

Criminal Law § 66— pretrial photographic and lineup identification — in-court identification — legality — insufficiency of findings

Where the trial court in an armed robbery case failed to make sufficient findings of fact as to whether the victim's in-court identification of defendant was tainted by the illegality, if any, of pretrial photographic and lineup identifications, the case is remanded to superior court for such determination.

APPEAL by defendant from *Falls, Judge,* 7 May 1973 Session CALDWELL Superior Court.

Defendant was tried on a bill of indictment, proper in form, with the armed robbery of Boyd Kirby (Kirby), manager of a Winn-Dixie Store in Lenoir, N. C. Defendant pleaded not guilty.

The evidence presented by the State tended to show: On 27 October 1972, at approximately 9:00 p.m., Kirby left the Winn-Dixie Store of which he was manager with two bank deposit bags containing $22,746.16 in cash and checks belonging to his employer. Traveling alone in his automobile, he proceeded to the Bank of Granite on South Main Street in Lenoir for purpose of depositing the money and checks in a night depository. After Kirby stopped his car near the depository, pulled up the emergency brake, reached over and got the deposit bags, he opened the door of his car at which time he saw a man standing nearby with a shotgun "pointed at me between the frame of the car and the door." Kirby delivered the two bags to the man who then told Kirby to "get out of here." The robber walked backward to a car parked on the bank lot after which Kirby drove to the police station and reported the crime. Kirby did not know the

robber but described him to police. Some time later, Kirby identified defendant from several photographs presented him by police and later on, in November, identified defendant in a lineup at the Caldwell County Sheriff's Department.

Defendant's evidence tended to show that at all times on the night in question he was at a tourist court operated by his sister in Wilkesboro, N. C.

A jury found defendant guilty as charged and from judgment imposing prison sentence of not less than 25 nor more than 30 years, defendant appealed.

*Attorney General Robert Morgan by Charles R. Hassell, Jr., Associate Attorney, for the State.*

*Townsend and Todd by Bruce W. Vanderbloemen for defendant appellant.*

BRITT, Judge.

In his brief defendant brings forward and argues four assignments of error. In No. 3, he contends the court erred in admitting, over objection, certain testimony for purpose of corroboration when the testimony did not in fact corroborate the original testimony. In No. 4, he contends the court erred in its jury charge by failing to restate all of the testimony of the witness Kirby when he was recalled by defendant. We find no merit in assignment No. 3 nor assignment No. 4 and they are overruled.

In assignment No. 1, defendant contends the trial judge erred in the questions he asked defendant at the voir dire hearing. In view of our treatment of assignment No. 2, and the disposition of this appeal, we find it unnecessary to consider assignment No. 1.

In his second assignment of error, defendant contends the court erred in failing to make complete and adequate findings of fact and in failing to make conclusions of law based on those findings following a voir dire hearing relating to testimony of the witness Kirby. This assignment has merit and is sustained.

When Kirby was asked at trial to identify the person who robbed him, defendant objected and, in the absence of the jury, the court conducted a voir dire hearing with respect to the identification of defendant. At the voir dire, Kirby testified

that defendant was the man who robbed him and that his identification was based on his seeing defendant at the time of the robbery. On cross-examination Kirby testified that although he had never seen the person who robbed him prior to the robbery, and it was dark and raining at the time, the area where the robbery occurred was well lighted and he had occasion to observe the robber, including his face and profile, for some 30 or 45 seconds. Kirby further testified on cross-examination that subsequent to the robbery he selected defendant's photograph from approximately 12 photographs shown him by police and that he identified defendant in a lineup with seven or eight other people at the Sheriff's Department. There was no showing that defendant's attorney was present at the lineup.

The record before us discloses that, after the voir dire hearing, the following occurred:

"THE COURT: All right, Miss Young, put this in the record: that the witness, Mr. Kirby, made an identification of the defendant in open Court in the course of this trial, after which counsel for the defendant approached the bench and asked that a voir dire be conducted to determine whether or not the in-court identification was tainted in any way by a lineup or any other confrontation, at which point the jury was excused and the voir dire conducted in their absence. And the Court finds as a fact that the witness, Mr. Kirby, stated that his in-court identification was not tainted in anywise by the lineup or by any pictures which were shown to him prior to the lineup or by any other subsequent confrontation."

The foregoing is preceded by "FINDINGS OF FACT on Voir Dire."

It has been held many times that an accused person is constitutionally guaranteed counsel at an in-custody lineup identification, and when counsel is not present at the lineup, testimony of witnesses that they identified the accused at the lineup is rendered inadmissible, and *any in-court identification* is also rendered inadmissible unless the trial judge first determines on a voir dire hearing that the in-court identification is of independent origin and is untainted by the illegal lineup. *State v. Harris*, 279 N.C. 177, 181 S.E. 2d 420 (1971) ; *State v. Rogers*, 275 N.C. 411, 168 S.E. 2d 345 (1969) ; *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967). We are aware of the opinion of the United States Supreme Court in

*Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 2d 411 (1972) which seems to modify *Wade;* however, in *Kirby* no formal charges had been preferred when the accused was identified by the robbery victim at the jail in a "showup." In the instant case, formal charges had been preferred at the time of the lineup.

It also appears that where photographs are used by police as an aid in identification, and there is an objection to an in-court identification and requests for a voir dire hearing, the court must make a factual determination as to whether the State has established by clear and convincing proof that the in-court identification is of independent origin, untainted by the illegality, if any, underlying the photographic identification. *State v. Accor* and *State v. Moore,* 277 N.C. 65, 175 S.E. 2d 583 (1970) ; *State v. McDonald,* 11 N.C. App. 497, 181 S.E. 2d 744 (1971), cert. den. 279 N.C. 396; *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968).

Suffice to say, the findings by the trial judge in the instant case were not sufficient. Nevertheless, we hold that defendant is not entitled to a new trial unless the superior court, upon a remand of this cause as hereinafter ordered, fails to find that the in-court identification of defendant was of independent origin, untainted by the illegality, if any, of the lineup or photographic identifications.

Our disposition of this appeal finds support in *United States v. Wade, supra,* a landmark case involving a police lineup identification of an accused bank robber. We quote from page 1166 (18 L.Ed. 2d) of the opinion:

> ". . . On the record now before us we cannot make the determination whether the in-court identifications had an independent origin. This was not an issue at trial, although there is some evidence relevant to a determination. That inquiry is most properly made in the District Court. We therefore think the appropriate procedure to be followed is to vacate the conviction pending a hearing to determine whether the in-court identifications had an independent source, or whether, in any event, the introduction of the evidence was harmless error. *Chapman v. California,* 386 U.S. 18, 18 L.Ed. 2d 705, 87 S.Ct. 824, and for the District Court to reinstate the conviction or order a new trial, as may be proper. . . ."

Our disposition of this appeal also has precedent in this jurisdiction. See *State v. Tart*, 199 N.C. 699, 155 S.E. 609 (1930), cited in *State v. Allred*, 275 N.C. 554, 169 S.E. 2d 833 (1969) ; also *State v. Roberts*, 18 N.C. App. 388, 197 S.E. 2d 54 (1973), cert. den. 283 N.C. 758; and *State v. Martin*, 18 N.C. App. 398, 197 S.E. 2d 58 (1973), cert. den. 283 N.C. 757.

· Therefore, this case is remanded to the Superior Court of Caldwell County where the presiding judge, at a session of the court authorized to hear criminal cases, will conduct a hearing, with defendant and his counsel present, to determine whether the witness Kirby's identification of defendant at the trial of this cause was of independent origin, untainted by the illegality, if any, of the lineup or photographic identifications. If the presiding judge determines that the identification was not of independent origin, he will find the facts and enter an order vacating the judgment, setting aside the verdict, and granting defendant a new trial. If the presiding judge determines that the identification was of independent origin, untainted by the illegality, if any, of the lineup or photographic identifications, he will find the facts and order commitment to issue in accordance with the judgment entered at the 7 May 1973 Session of Caldwell Superior Court.

Remanded with instructions.

Chief Judge BROCK and Judge CAMPBELL concur.