STATE OF NORTH CAROLINA v. JAMES LEWIS WILBURN

No. 7410SC105

(Filed 20 March 1974)

1. **Constitutional Law § 30— ten months between arrest and trial — right to speedy trial not abridged**

    Defendant was not denied his right to a speedy trial where ten months elapsed between his arrest and trial, there was no showing that the State wilfully or negligently delayed defendant's case, and defendant made no showing that witnesses were not available or that memories were dimmed due to the delay.

2. **Constitutional Law § 30; Criminal Law § 91— speedy trial — release from custody — motion to dismiss properly denied**

    Where the trial judge ordered that defendant's trial be instituted within sixty days or that defendant be released from custody on his own recognizance and the trial judge made no finding that defendant's right to a speedy trial had been denied, the court properly refused to grant defendant's motion to dismiss made after his case was called for trial on the fifty-ninth day, a Friday, and continued until Monday, the next day of court, at which time it was tried.

3. **Constitutional Law § 30; Criminal Law § 91— release of defendant from custody — applicability to defendant allowed bail**

    G.S. 15-10, which has been held to be for the protection of persons held in custody without bail, should also be available to the trial court in deserving situations when the defendant cannot make bail.

APPEAL by defendant from *Hobgood, Judge,* at the 13 August 1973 Session of WAKE Superior Court.

Heard in the Court of Appeals 19 February 1974.

This is a criminal action in which the defendant was indicted and tried for first-degree murder. The defendant was arrested on 4 December 1972 and placed in jail where he remained until trial, being unable to meet the $25,000.00 bond. On 7 December 1972 an attorney was appointed to represent the defendant. On 19 December 1972 probable cause was found and on 3 January 1973 a true bill of indictment was returned against defendant. On 11 June 1973 the defendant moved for a speedy trial. On 12 June 1973, Judge A. Pilston Godwin, Jr., after being informed by the Solicitor that he would be able to set defendant's case for trial within 60 days, ordered defendant's case be tried within 60 days and that if trial was not instituted within 60 days that defendant be released on his personal recognizance. The 60 days was to expire on 11 August 1973. Defend-

ant's case was called late on Friday afternoon, 10 August 1973, and continued until Monday, 13 August 1973. On 13 August, the defendant moved to dismiss the action on the grounds he had not been given a speedy trial. The motion was denied and the trial was immediately begun. The defendant was found guilty of second-degree murder and given a sentence of twenty years less a credit for the 253 days spent in jail awaiting trial. From the judgment, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Parks H. Icenhour for the State.*

*Hatch, Little, Bunn, Jones & Few by David H. Permar for defendant appellant.*

CAMPBELL, Judge.

[1]   The defendant assigns as error the failure of the trial court to grant his motion to dismiss on the grounds that he had not been given a speedy trial as is his right under the Constitutions of North Carolina and the United States. The defendant relies on the cases of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972), and *Strunk v. United States,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed. 2d 56 (1973). *Strunk, supra,* will be discussed under the defendant's second assignment of error. In *Barker v. Wingo, supra,* the Supreme Court laid down the following factors by which to test speedy trial cases:

(1) Length of the delay, (2) the reason for the delay, (3) the defendant's assertion or nonassertion of his right, and (4) prejudice to the defendant. These factors are precisely those endorsed by the North Carolina Supreme Court in *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274 (1969), *State v. Harrell,* 281 N.C. 111, 187 S.E. 2d 789 (1972), *State v. Brown,* 282 N.C. 117, 191 S.E. 2d 659 (1972), *State v. Roberts,* 18 N.C. App. 388, 197 S.E. 2d 54 (1973), *cert. denied,* 283 N.C. 758, 198 S.E. 2d 728 (1973), and numerous other cases. See also *Moore v. Arizona,* __ U.S. __ , 94 S.Ct. 188, 38 L.Ed. 2d 183 (1973). The United States and North Carolina Supreme Courts also stated in the above cited cases that the word "speedy" cannot be defined in specific terms of days, months or years and that the question of whether a defendant has been denied a speedy trial must be answered in light of the facts of each particular case. Considering the proper factors, it cannot be said that in this case the defendant had been denied the right to a speedy

trial. The delay was ten months. In *Barker v. Wingo, supra,* a delay of five years was not found unreasonable. As of January 10, 1972, Wake County Superior Court had a backlog of 1,742 cases pending trial. There were 55 capital cases, 32 of which were first-degree murder charges. It has not been made to appear that the State willfully or negligently delayed defendant's case. The defendant did not subpoena any witnesses and presented no evidence. At no time has defendant shown that any witnesses were not available or that memories were dimmed due to the delay. Finally, we note that Judge Godwin ordered that the trial be set and begun within 60 days. The case was called for trial in the late afternoon of the fifty-ninth day, a Friday, and continued until Monday, the next day of court, at which time it was tried. Considering the proper factors, we hold that defendant's contention that he has been deprived of a speedy trial is without merit.

**[2, 3]** Defendant further assigns as error the failure of the trial court to grant his motion to dismiss based on the order of Judge Godwin in that his trial was not held within the 60-day time limit. In the *Strunk* case, *supra,* the U. S. Supreme Court held that in a case in which it had already been determined that the defendant had been denied his right to a speedy trial that the only possible remedy was to dismiss the charges. However, in this case, there was no finding in Judge Godwin's order that defendant's right to a speedy trial had been denied. The trial court apparently was applying G.S. 15-10 and the order merely would have released defendant from jail had he not been tried within 60 days but would not have dismissed the charges. G.S. 15-10 has been held to be for the protection of persons held without bail. *State v. Lowry* and *State v. Mallory,* 263 N.C. 536, 139 S.E. 2d 870 (1965), *cert. denied,* 382 U.S. 22, 86 S.Ct. 227, 15 L.Ed. 2d 16 (1965). We feel that the remedy in G.S. 15-10 should also be available to the trial court in deserving situations when the defendant cannot make bail. *United States v. Strunk, supra,* is distinguishable in that its holding that dismissal of the charges is the only remedy applies only to situations in which it has been determined that defendant has been denied his right to a speedy trial. In the case at bar, no such determination had been made. The trial court properly denied defendant's motion.

We have reviewed defendant's other assignments of error and find no prejudicial error.

Timber Management Co. v. Bell

No error.

Judges HEDRICK and BALEY concur.