State v. Moses

STATE OF NORTH CAROLINA v. WILLIE MOSES, JR.

No. 7426SC1040

(Filed 5 March 1975)

**1. Criminal Law § 91— motion to continue — denial proper**

Trial court did not err in denying defendant's motion for a continuance made on the ground that his counsel was involved in the trial of a murder case for several days prior to the trial of this case and did not have opportunity to make proper preparation.

**2. Criminal Law § 66— pre-trial photographic identification of defendant — failure to make findings that in-court identification was untainted**

The trial court erred in failing to make sufficient findings of fact that an in-court identification of defendant by a witness was of independent origin and not tainted by the illegality, if any, of a pretrial photographic identification of defendant by the witness.

APPEAL by defendant from *Wood, Judge.* Judgment entered 11 October 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 February 1975.

By indictment proper in form defendant was charged with armed robbery on or about 15 March 1974. The alleged victim was George Homer Morrow, the 69-year-old operator of a small grocery store. Defendant pleaded not guilty.

One Isaac Abrams was charged in a separate bill of indictment with the same offense and the cases were consolidated for trial. The victim was unable to identify either of the persons who robbed him. A 14-year-old boy, Ronnie Jett, who was working in the store at the time of the robbery, testified that defendant was one of the robbers but he could not identify Abrams as the other one. Floyd Seabrook, who was just outside the store when the robbery occurred, identified defendant and Abrams as the two persons he saw come out of the store. Neither Jett nor Seabrook knew defendant or Abrams at the time of the robbery. Jett identified defendant, and Seabrook identified defendant and Abrams, from a group of photographs which police showed them some time after the robbery.

The jury found Abrams not guilty but found defendant guilty as charged. From judgment imposing prison sentence of not less than 10 nor more than 15 years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Robert P. Gruber, for the State.*

*Blum and Sheely, by Michael Sheely, for defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the failure of the court to grant his motion for a postponement of the trial for the reason that his counsel was involved in the trial of a murder case for several days prior to the trial of this case and did not have opportunity to make proper preparation. We find no merit in the assignment.

While a motion for continuance is ordinarily addressed to the sound discretion of the trial court, and its ruling thereon is not subject to review absent an abuse of discretion, 2 Strong, N. C. Index 2d, Criminal Law, § 91, where the motion is based on a right guaranteed by the Federal and State constitutions, a question of law is presented and the ruling is reviewable. *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974). Defendant has timely raised the constitutional question in this case and we have reviewed the court's ruling; nevertheless, under the facts appearing, we conclude that the court did not err in denying defendant's motion for continuance.

By his fifth assignment of error, defendant contends the court erred and abused its discretion when, over defendant's objection, it allowed the State to reopen its case and present additional testimony. We have carefully considered this assignment, particularly with respect to the statement made by the court at the time it permitted the State to reopen its case, but conclude that the court did not abuse its discretion. The assignment of error is overruled.

Defendant assigns as error the failure of the court to allow his timely made motions for nonsuit. No worthwhile purpose would be served in further summarizing the evidence presented at trial. It suffices to say that we consider the evidence sufficient to survive the motions for nonsuit and the assignment is overruled.

[2] Defendant assigns as error the failure of the court to make sufficient findings of fact that the in-court identification of defendant by witness Seabrook was of independent origin and

not tainted by the photographs shown by police. This assignment has merit.

After defendant pleaded not guilty and a jury was selected and impaneled, in the absence of the jury, defendant moved to suppress the testimony of witnesses Jett and Seabrook. The court conducted a voir dire hearing at which police officer Williams, Jett, and Seabrook testified. Thereafter, the court made findings of fact with respect to the procedure followed by police in displaying the photographs to Jett and Seabrook and then concluded:

Upon the foregoing Findings of Fact, the Court concludes as a matter of law that the out of court identification of the defendant, Moses, by Ronnie Jett and of the defendants, Moses and Abrams, by Floyd Seabrook were lawful; and that neither Ronnie Jett's in court identification of defendant Moses nor Floyd Seabrook's in court identification of both defendant Moses and defendant Abrams were tainted by any improper police activity during the out of court photographic lineup procedure.

It is noted that defendant's exceptions and assignment of error do not relate to the testimony of the witness Jett but only to the testimony of Seabrook. That being true, the question as to admissibility of testimony given at trial by Jett is not presented.

In *State v. Ingram*, 20 N.C. App. 35, 38, 200 S.E. 2d 417 (1973), this court said:

It also appears that where photographs are used by police as an aid in identification, and there is an objection to an in-court identification and requests for a voir dire hearing, the court must make a factual determination as to whether the State has established by clear and convincing proof that the in-court identification is of independent origin, untainted by the illegality, if any, underlying the photographic identification. *State v. Accor* and *State v. Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970); *State v. McDonald*, 11 N.C. App. 497, 181 S.E. 2d 744 (1971), cert. den. 279 N.C. 396; *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968).

In our opinion, in the case at bar the findings of fact with respect to Seabrook's testimony were not sufficient. In *State v.*

*Accor* and *Moore, supra,* in which case a new trial was ordered, defendants contended that their photographs were obtained illegally and that their identifications were based on an improper use of the photographs. In providing instructions for the new trial, the court, speaking through Chief Justice Bobbitt, said:

> . . . Irrespective of its determination as to whether defendants or either of them were unlawfully detained when the photographs were taken, the court must determine upon the evidence *then* before it whether "the photographic identification procedure" was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States, supra.* Whatever the indicated prior determinations may be with reference to the out-of-court photographic identifications, the court must make an additional factual determination as to whether the State has established by clear and convincing proof that the in-court identifications were of independent origin and were untainted by the illegality, if any, underlying the photographic identifications.

In *State v. Miller,* 281 N.C. 70, 77, 187 S.E. 2d 729 (1972), opinion by Chief Justice Bobbitt, the court found no error in the admission of identification testimony where the trial court, after a voir dire hearing relating to pretrial photographic procedure, made findings of fact, fully supported by evidence found by the court to be clear and convincing, that (1) the identification procedure ". . . was *not* so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," and (2) that the witness' testimony before the jury was based solely on her observation of the person at the time of the offense, completely independent of other factors.

*See also State v. Tuggle,* 284 N.C. 515, 201 S.E. 2d 884 (1974); *State v. Lock,* 284 N.C. 182, 200 S.E. 2d 49 (1973); *State v. Accor* and *Moore,* 281 N.C. 287, 188 S.E. 2d 332 (1972); *State v. Morris,* 279 N.C. 477, 183 S.E. 2d 634 (1971); and *State v. Faire,* 22 N.C. App. 573, 207 S.E. 2d 284 (1974).

Although the court erred in not making sufficient findings of fact with respect to the photographic identification by Seabrook, as was true in *Ingram,* we hold that defendant is not entitled to a new trial unless the superior court, upon a remand of this cause as hereinafter ordered, fails to find that the in-court identification of defendant was of independent origin,

untainted by the illegality, if any, of the photographic identification.

Therefore, this cause is remanded to the superior court of Mecklenburg County where the presiding judge, at a session of the court authorized to hear criminal cases, will conduct a hearing, with defendant and his counsel present, to determine whether the witness Seabrook's identification of defendant at the trial of this cause was of independent origin, untainted by the illegality, if any, of the photographic identification. If the presiding judge determines that the identification was not of independent origin, he will find the facts and enter an order vacating the judgment, setting aside the verdict, and granting defendant a new trial. If the presiding judge determines that the identification was of independent origin, untainted by the illegality, if any, of the photographic identification, he will find facts consistent with the requirements hereinabove set forth and order commitment to issue in accordance with the judgment entered at the 7 October 1974 Session of Mecklenburg Superior Court.

Remanded with instructions.

Judges MORRIS and ARNOLD concur.