STATE OF NORTH CAROLINA v. SAMUEL WILSON III

No. 7726SC686

(Filed 7 March 1978)

**Criminal Law §§ 75.10, 177.2— in-custody statements—absence of finding as to waiver of counsel—remand for hearing**

The trial court erred in the admission of defendant's in-custody statements without a specific finding as to whether defendant voluntarily waived his right to counsel at the in-custody interrogation where the *voir dire* evidence concerning defendant's waiver of counsel was conflicting, and the case is remanded to the superior court for a hearing to determine the question of waiver. If the presiding judge determines that defendant did not voluntarily waive his right to counsel during the interrogation, he should enter an order setting aside defendant's conviction and granting him a new trial.

APPEAL by defendant from *Friday, Judge.* Judgment entered 14 April 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 January 1978.

Defendant was indicted for felonious possession of heroin with intent to sell and deliver, to which he entered a plea of not guilty.

At trial the State's evidence tended to show that Officer H. F. Frye saw defendant, whom he recognized, exit from an automobile carrying an aluminum foil package in his hand. As defendant began to run down a street between some apartment buildings, Officer Frye called him by name, gave chase, and observed defendant drop the aluminum foil package into a garbage can. Officer Frye retrieved the package and observed that it contained a large number of smaller aluminum foil packages. It was stipulated at trial that the substance inside of these packages was heroin. Officer Frye arrested defendant at the scene.

The State introduced evidence of a statement made by the defendant to Officer Frye to the effect that the heroin belonged to defendant. Before Officer Frye testified as to defendant's statement, a *voir dire* hearing was held. Evidence offered by the State at the *voir dire* established that defendant was advised of his constitutional rights and indicated that he understood them and was willing to talk to Officer Frye. Defendant offered evidence on *voir dire* tending to show that he had demanded to see his attorney and had refused to talk.

At the close of the *voir dire*, the trial court made findings of fact and concluded that defendant's statement was made freely and voluntarily.

Defendant was found guilty of possession of heroin and sentenced to imprisonment. Defendant has appealed his conviction to this Court.

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb, for the State.*

*Paul J. Williams, for the defendant.*

BROCK, Chief Judge.

By his first assignment of error defendant challenges the admissibility of the testimony of Officer Frye concerning the statement made to Frye by the defendant. Defendant contends that the only evidence presented at *voir dire* as to defendant's waiver of counsel indicated that he had requested the presence of counsel and therefore had failed to waive his right to counsel. Thus, argues defendant, the trial court erred in finding that his statement was freely and voluntarily given.

Defendant's assignment of error is sustained for the reason that the trial judge failed to make a finding of fact that defendant had waived his right to the presence of counsel before admitting Officer Frye's testimony. The recent case of *State v. Biggs*, 289 N.C. 522, 223 S.E. 2d 371 (1976) is directly on point. In that case, as in the instant case, the trial judge found that the defendant had been fully informed of his *Miranda* rights. However, in *Biggs*, as in the instant case, the trial judge had failed to make any findings of fact with respect to waiver of counsel. Due to conflicting

evidence on *voir dire*, such failure was held to constitute prejudicial error. In the language of our Supreme Court:

". . . when the State seeks to offer in evidence a defendant's in-custody statements, made in response to police interrogation and in the absence of counsel, the State must affirmatively show not only that the defendant was fully informed of his rights but also that he knowingly and intelligently waived his right to counsel. *State v. White,* 288 N.C. 44, 215 S.E. 2d 557 (1975); *State v. Thacker,* 281 N.C. 447, 189 S.E. 2d 145 (1972). When the *voir dire* evidence regarding waiver of counsel is in conflict, the trial judge *must* resolve the dispute and make an express finding as to whether the defendant waived his constitutional right to have an attorney present during questioning." 289 N.C. at 531, 223 S.E. 2d at 377.

In the present case, Officer Frye testified that he read defendant his *Miranda* rights, and that defendant affirmatively indicated that he understood his rights and that he was willing to talk to Officer Frye. There was no other evidence that defendant had made an oral or written waiver of his right to counsel. Defendant, on the other hand, testified that he had refused to talk and had requested that he be allowed to see his attorney. "Under these circumstances it was incumbent upon the judge to make an express finding in this regard, and his failure to do so rendered the admission of the defendant's inculpatory statements . . . erroneous." *State v. Biggs, id.* In view of the record in this case, we cannot say that the error as noted herein was harmless beyond a reasonable doubt. Therefore we find prejudicial error in the failure of the trial judge to find facts sufficient to resolve the controverted issue of whether defendant voluntarily waived his right to counsel during the interrogation by Officer Frye. However, we do not find it necessary to order a new trial because the question of the waiver or non-waiver of counsel can be determined by the trial court on remand for that purpose. *See State v. Byrd,* 35 N.C. App. 42, 240 S.E. 2d 494 (1978); *State v. Moses,* 25 N.C. App. 41, 212 S.E. 2d 226 (1975); *State v. Ingram,* 20 N.C. App. 35, 200 S.E. 2d 417 (1973); *State v. Roberts,* 18 N.C. App. 388, 197 S.E. 2d 54 (1973), *cert. denied,* 283 N.C. 758 (1973), *rev'd in part on other grounds,* 286 N.C. 265, 210 S.E. 2d 396 (1974); *State v. Martin,* 18 N.C. App. 398, 197 S.E. 2d 58 (1973).

We have examined defendant's remaining assignments of error and find that they involve matters which rest largely in the discretion of the trial judge, and we find no showing of harmful prejudice.

This case is remanded to the Superior Court, Mecklenburg County, where a judge presiding over a criminal session will conduct a hearing after due notice, and with defendant and counsel present to determine whether defendant voluntarily waived his right to counsel during the custodial interrogation by Officer Frye.

If the presiding judge determines that defendant did not voluntarily waive his right to counsel during the custodial interrogation, he will make his findings of fact and conclusions and enter an order vacating the judgment appealed from, setting aside the verdict, and ordering a new trial for defendant. If the presiding judge determines that the defendant did voluntarily waive his right to counsel during the custodial interrogation, he will make his findings of fact and order commitment to issue in accordance with the judgment appealed from dated 14 April 1977.

No error in the trial except on the issue of whether the defendant voluntarily waived his right to counsel during the custodial interrogation.

Remanded with instruction.

Judges VAUGHN and ERWIN concur.