STATE OF NORTH CAROLINA v. EDDIE HUDSON

No. 7426SC786

(Filed 20 November 1974)

**1. Criminal Law § 98— sequestration of witnesses denied**

The trial court did not abuse its discretion in denying defendant's motion to sequester witnesses where the motion named no witnesses and gave no reasons therefor.

**2. Criminal Law § 43— photographs of deceased — admission proper**

In a prosecution for murder and assault with intent to kill, the trial court did not err in allowing into evidence photographs of the deceased.

APPEAL by defendant from *Chess, Special Judge,* 25 March 1974 Schedule "D" Criminal Session of Superior Court held in MECKLENBURG County. Heard in the Court of Appeals 21 October 1974.

This is a criminal action in which the defendant was charged in separate bills of indictment with the offenses of murder and assault with a deadly weapon with the intent to kill. Defendant entered a plea of not guilty to each charge, but was found guilty by the jury of voluntary manslaughter and assault with a deadly weapon. From a judgment sentencing him to a term of not less than 15 nor more than 20 years for voluntary manslaughter and to a term of two years for assault with a deadly weapon, defendant appealed.

*Attorney General Carson, by Associate Attorney Kaylor, for the State.*

*Plumides, Plumides and Shuster, by John G. Plumides, for defendant appellant.*

MORRIS, Judge.

[1] Prior to the presentation of any evidence, defendant moved that the witnesses for the State be sequestered. His motion named no witnesses and gave no reasons therefor. On appeal, he contends the court's denial of his motion constituted prejudicial error. He concedes that the sequestration of witnesses is not a matter of right but is discretionary with the trial judge. What

was said on this question by Justice Huskins in *State v. Taylor*, 280 N.C. 273, 277, 185 S.E. 2d 677 (1972), is appropriate here:

"Sequestration of witnesses is discretionary with the trial judge and may not be claimed as a matter of right. Stansbury, N. C. Evidence § 20 (2d Ed., 1963). Refusal to sequester the State's witness in a criminal case is not reviewable unless an abuse of discretion is shown. *State v. Clayton*, 272 N.C. 377, 158 S.E. 2d 557 (1968). This accords with the great majority of jurisdictions. 53 Am. Jur., Trial § 31 (1945). The record before us discloses no reason for sequestration of the State's two minor witnesses—the victim and her small brother—and no abuse of discretion has been shown. That ends the matter." (Citations omitted.)

[2]   Defendant's only other assignment of error before us is that the court erred in allowing into evidence photographs of the deceased, defendant's wife. Again, he concedes that the general law is that if the photograph is relevant and material, the fact that it may be gory and even gruesome will not, standing alone, render it inadmissible. *State v. Duncan*, 282 N.C. 412, 193 S.E. 2d 65 (1972). Defendant argues, however, that in this case the allowance of the photograph in evidence in addition to the court's failure to sequester the State's witnesses created an atmosphere of prejudice which defendant was not able to overcome. He gives no reason for this argument, nor can we assign any cogent reasons therefor. This assignment of error is without merit and overruled.

Defendant had a fair trial free from prejudicial error at which he was represented by competent counsel of his own choosing.

No error.

Judges HEDRICK and BALEY concur.