State v. Artis

STATE OF NORTH CAROLINA v. LESTER LEE ARTIS

No. 7626SC203

(Filed 20 October 1976)

1. Criminal Law § 101— sequestration of witnesses — discretionary matter

The sequestration of witnesses is not a matter of right but of discretion on the part of the trial judge, and the exercise of such discretion is not reviewable in the absence of abuse of discretion.

2. Robbery § 3— companion in crime arrested and charged — admissibility of evidence

The trial court in a prosecution for armed robbery did not err in admitting testimony that a companion had been arrested and charged with the same robbery with which defendant was charged, since such testimony was relevant and necessary to form a composite picture of the crime and its perpetrators.

3. Bill of Discovery § 6— photographic evidence — substantial compliance with pre-trial discovery order

Evidence was sufficient to support the trial court's finding that the State complied substantially with a pre-trial discovery order directing the district attorney to reveal certain photographs to counsel for defendant.

4. Constitutional Law § 30— speedy trial — no abridgement of right

Where defendant was arrested on 22 June 1975 and on 8 August 1975 and 5 September 1975 petitioned for a speedy trial because he was incarcerated and unable to make bail, defendant failed to show any prejudice resulting from the delay, and his motion for speedy trial was properly denied.

5. Criminal Law § 66— in-court identification of defendant — no improper pre-trial procedures

The trial court in an armed robbery prosecution did not err in allowing in-court identifications of defendant where the court found

that the identifications were based on observation at the crime scene and did not result from any photographs or identification procedures suggestive or conducive to mistaken identification.

APPEAL by defendant from *Baley, Judge.* Judgment entered 14 October 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 June 1976.

Defendant was indicted upon a charge of armed robbery in violation of N. C. G.S. 14-87.

Evidence for the State tended to show that on 21 June 1975 at 4:30 p.m. defendant and another man entered Elder's Supermarket and took money from the cash registers; that defendant had a shotgun and made everyone lie on the floor except the manager, Howard Norman, who was unable to get on the floor due to an injured knee and was therefore able to observe defendant's face for approximately four minutes; that another store employee, Michael Sloan, saw defendant enter the store and recognized him because he attended junior high with defendant about five years ago and had seen defendant on the street since; that defendant and his companion left the store and were heading to a red and white Chevelle when police pulled up, at which time defendant dropped the gun and money and ran; that Norman, Sloan and a police officer picked defendant's picture out of a photographic lineup; and that defendant looked the same at trial as he did on the day of the robbery except that his hair was one inch longer with no part and Norman did not recall that defendant had a beard or mustache.

Defendant presented seven witnesses who testified he was at a funeral from 3:00 to 5:00 p.m. on 21 June 1975 and one witness who testified that Michael Sloan told him he did not really recognize defendant but was forced to testify because he was in trouble for a drug offense. Michael Sloan denied such a conversation.

From a verdict of guilty of robbery with a dangerous weapon and a judgment sentencing the defendant to not less than twenty-five nor more than thirty years in prison, the defendant appealed.

*Attorney General Edmisten, by Associate Attorney William H. Guy and Associate Attorney Joan H. Byers, for the State.*

*Public Defender Michael S. Scofield, by Assistant Public Defender James Fitzgerald, for defendant.*

MARTIN, Judge.

The defendant assigns as error the failure of the court to sustain his motion to sequester the State's witnesses.

[1]    Under our decisions, the sequestration of witnesses is not a matter of right but of discretion on the part of the trial judge. The exercise of such discretion is not reviewable in the absence of abuse of discretion. See *State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677 (1972) ; *State v. Hudson,* 23 N.C. App. 734, 209 S.E. 2d 542 (1974). No abuse of discretion is shown in this respect on the record before us. This assignment of error is overruled.

[2]    Defendant next contends the court erred in admitting testimony that a companion had been arrested and charged with the robbery of the same Elder's Supermarket. He contends this testimony was not only irrelevant but also prejudicial in that it allowed the jury to infer defendant's guilt from the police action of arresting his companion. We disagree. In criminal cases every circumstance that is calculated to throw any light upon the supposed crime is relevant and admissible. See *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506 (1965) cert. den. 384 U.S. 1020, 16 L.Ed. 2d 1044, 86 S.Ct. 1936 (1966). The testimony in the instant case was relevant and necessary to form a composite picture of the crime and its perpetrators. See *State v. Old,* 272 N.C. 42, 157 S.E. 2d 651 (1967). In addition, the defendant could not have been prejudiced since his trial could have been consolidated with Garland's pursuant to G.S. 15A-926(b) (2). The burden is on the defendant appellant not only to show error but also to show that he was prejudiced or that the verdict of the jury was probably influenced by the evidence in question. See *State v. Bovender,* 233 N.C. 683, 65 S.E. 2d 323 (1951). The defendant in the case at bar has not satisfied this burden. This assignment of error is overruled.

[3]    Next, defendant contends he is entitled to a new trial for the failure of the State to comply with the pre-trial discovery order directing the district attorney to reveal certain photographs to counsel for defendant. He argues that (a) permitting defendant to examine the photographs on the day of the trial was not substantial compliance; (b) even though the photographs were not introduced into evidence, State elicited evidence concerning the photographic lineup; and (c) although G.S. 15A-910 allows a court, when faced with a violation of a dis-

covery order, to "order the party to permit the discovery or inspection," the statute also permits the court to "enter other appropriate orders" and since the compliance violation in this case was substantial, a new trial is required.

Regulation of discovery and failure to comply determinations are within the sound discretion of the trial court. The court has broad and flexible powers to rectify the situation if a party fails to comply with discovery orders or provisions of the discovery article. See G.S. 15A-910. In the case at bar the court found that the discovery order and discovery laws had been substantially followed. The crucial identifications of the defendant were not based on the photographs but were independent in-court identifications of what the witnesses saw at the time of the robbery. The trial court found as a fact and concluded as a matter of law that the in-court identification of the defendant did not result from any photographic identification procedures. The defendant has failed to show that he was prejudiced or that the verdict of the jury was probably influenced by this evidence. *State v. Bovender, supra.* This assignment of error is therefore overruled.

Defendant next contends his right to a speedy trial was infringed and the court erred by failing to hold an evidentiary hearing on defendant's request for a speedy trial and by denying defendant's motion to dismiss.

[4] Defendant was arrested on 22 June 1975 and on 8 August 1975 and 5 September 1975 petitioned for a speedy trial because he was incarcerated and unable to make bail.

G.S. 15A-954(a)(3) provides that "the court on motion of the defendant must dismiss the charges stated in a criminal pleading if it determines that the defendant has been denied a speedy trial as required by the Constitution of the United States and the Constitution of North Carolina."

"The constitutional right to a speedy trial protects an accused from extended imprisonment before trial, from public suspicion generated by an untried accusation, and from loss of witnesses and other means of proving his innocence resulting from passage of time." *State v. Spencer,* 281 N.C. 121, 124, 187 S.E. 2d 779, 781 (1972). "The burden is on the accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or wilfulness of the State's prose-

cution." *State v. Hollars,* 266 N.C. 45, 52, 145 S.E. 2d 309, 314 (1965). "Neither the Constitution nor the legislature has attempted to fix the exact time within which a trial must be had. 'Whether a speedy trial is afforded must be determined in the light of the circumstances of each particular case. In the absence of a statutory standard, what is a fair and reasonable time is within the discretion of the court. (Citation omitted.)' " *State v. Hollars, supra* at 51, 145 S.E. 2d at 313.

The congestion of criminal court dockets has consistently been recognized as a valid justification for de'ay. Both crowded dockets and lack of judges or lawyers, along with other factors, have made some delays inevitable. See *State v. Brown,* 282 N.C. 117, 191 S.E. 2d 659 (1972).

In the present case, the defendant's several motions for a speedy trial on 8 August 1975 and 5 September 1975 appear to be based on his contention that he is entitled to a speedy trial because he was unable to make bond and remained incarcerated. He does not contend nor does the record suggest that his ability to present his defense was in any way impaired by the delay. In this case the record does not reveal prejudice resulting from the delay. Defendant's contention that he has been denied his right to a speedy trial is therefore without merit and cannot be sustained.

In conjunction with the speedy trial issue, the defendant contends that the trial court erred by failing to hold an evidentiary hearing on the request for a speedy trial. In response to this argument, it is initially apparent that the trial judge does not have to hold an evidentiary hearing and make findings of fact every time a defendant contends that he has been denied a speedy trial. *State v. Roberts,* 18 N.C. App. 388, 197 S.E. 2d 54 (1973), cert. den. 283 N.C. 758, 198 S.E. 2d 728 (1973). Moreover the trial record on this appeal reveals that there was a hearing on the defendant's motion. A view of the record discloses the following:

> "(2) Motion for speedy trial. Defendant renewed his Motion for a speedy trial, requesting dismissal.
>
> THE COURT: Upon motion made by defense counsel for a speedy trial, the motion having already been heard by Judge Frank Snepp and having been determined adversely to the defendant, the motion for a speedy trial—the motion

to dismiss for lack of a speedy trial is DENIED and the defendant is assured that he will be given an immediate trial. Exception by the defendant."

Defendant's contention that the court erred in not holding a hearing on his motion is without merit and cannot be sustained.

[5]   The defendant next contends that the court erred in admitting certain identification testimony.

The test under the due process clause as to pre-trial identification procedures is whether the totality of the circumstances reveals that the pre-trial procedures were so unnecessarily suggestive and conducive to an irreparable mistaken identification as to offend fundamental standards of decency, fairness, and justice. *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974).

Defendant was identified by two eyewitnesses to the crime and their identifications were found by the trial court to be in-court identifications of independent origin, based solely upon what the witnesses saw at the time of the crime. The court further found that the identifications did not result from any photographs or identification procedures suggestive or conducive to mistake in identification. A policeman also identified defendant as the man he saw with a shotgun outside the supermarket just after the robbery, and the court found that this also was an independent in-court identification. The court's findings of fact in this regard are conclusive on this Court because they were supported by competent evidence. See *State v. Tuggle,* 284 N.C. 515, 201 S.E. 2d 884 (1974).

Defendant's remaining assignment of error is without merit and is overruled.

In the trial of the case we find no prejudicial error.

No error.

Judges VAUGHN and CLARK concur.